UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICKIE HILL, | Case No.: 2:21-cv-01924-APG-VCF |
| Plaintiff | **Screening Order** |
| v. | |
| T. JOHNSON, et al., | |
| Defendants | |

Plaintiff Rickie Hill, who is in the custody of the of the Nevada Department of Corrections (NDOC), has submitted a civil rights complaint under 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. ECF Nos. 1, 1-1.  I defer decision on Hill's application to proceed *in forma pauperis*.  I now screen Hill's civil rights complaint.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform

Act (PLRA) requires a federal court to dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

A reviewing court should "begin by identifying pleadings [allegations] that, because they

are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     SCREENING OF COMPLAINT

Hill sues T. Johnson and R. Meyers for events that took place while he was incarcerated at High Desert State Prison (HDSP). ECF No. 1-1 at 1. The complaint brings three counts and seeks injunctive and monetary relief.

The complaint alleges the following: On January 4, 2021, defendant Johnson, who works in the mailroom, came to Hill's cell and threatened to throw away his mail unless Hill agreed to participate in sexual activity with him. *Id.* at 4. Out of fear for his family's safety, Hill agreed to do it. Hill has had nightmares since this incident. *Id.* This was the second time that Johnson

sexually abused Hill within a few days. *Id.* Johnson is an aggressive homosexual who has beaten up other correctional officers and coerced them to have sex with him in the parking lot. *Id.*

Later that day, Johnson came back to Hill's cell with Meyers and told Hill that if he did not engage in sexual activity with Meyers, he would throw away Hill's mail or give it to gangsters. *Id.* at 5. Out of fear for his family's safety, Hill again agreed to participate in sexual activity with Meyer. *Id.* Hill has had nightmares since this incident. *Id.*

Later that same day, Johnson brought Morenago to Hill's cell and told Hill to engage in sexual activity with Morenago.[1] *Id.* at 6. Morenago told Hill that he would not get dinner unless he agreed to participate in the sexual activity. *Id.* Because Hill did not want to miss dinner, he agreed to participate in sexual activity with Morenago. *Id.* Hill has had nightmares since this incident. *Id.*

Based on these allegations, Hill claims that his Eighth and Fourteenth Amendment rights have been violated. Hill does not explain the basis of his Fourteenth Amendment claim, and none of the allegations in the complaint appear to give rise to a claim under the Fourteenth Amendment. As such, I dismiss Hill's Fourteenth Amendment claim without prejudice. I construe Hill's Eighth Amendment claim as a sexual abuse claim.

"The Eighth Amendment prohibits cruel and unusual punishment in penal institutions." *Wood v. Beauclair*, 692 F.3d 1041, 1045 (9th Cir. 2012). Whether a specific act constitutes cruel and unusual punishment is measured by "the evolving standards of decency that mark the progress of a maturing society." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). "Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood*,

---

[1] Hill does not list Morenago as a defendant in this case. However, based on the allegations in the complaint, I liberally construe the complaint to include Morenago as a defendant.

692 F.3d at 1046 (citing *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000)).  In evaluating a prisoner's claim, courts consider whether "the officials act[ed] with a sufficiently culpable state of mind" and if the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation. *Id*. (quoting *Hudson*, 503 U.S. at 8).

Where there is no legitimate penological purpose for a prison official's conduct, courts presume malicious and sadistic intent. *Id*. at 1050.  Sexual contact between a prisoner and a prison guard serves no legitimate role and "is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  In sexual contact cases, there is no lasting physical injury requirement because the only requirement is that the officer's actions be offensive to human dignity. *Schwenk*, 204 F.3d at 1196.  The Eighth Amendment's protections do not generally extend to mere verbal sexual harassment. *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

Hill states a colorable Eighth Amendment claim.  I liberally construe the complaint as alleging that Johnson and Meyers threatened to throw away Hill's mail unless he agreed to participate in sexual activity with them.  Morenago threatened to withhold Hill's dinner unless he agreed to participate in sexual activity with him.  Out of fear that the defendants would follow through on their threats, Hill agreed and participated in sexual activity with them.  These allegations are sufficient to state a colorable claim on screening.  This claim will proceed against Johnson, Meyers, and Morenago.

### III.     THE COURT'S MEDIATION PROGRAM

The District of Nevada's inmate early mediation program is designed to save resources by referring the parties in some civil rights cases to mediation.  Of course, defendants in such cases have the right not to make any settlement offers, and plaintiffs have the right not to accept

settlement offers. When mediation does not appear likely to be productive, I do not refer a case to mediation, in order to preserve limited judicial resources.

Hill, who has filed many cases against employees of the Nevada Department of Corrections, has recently attended multiple inmate mediations with representatives of the Office of the Attorney General. *See, e.g.*, 3:20-cv-00495-MMD-WGC, 2:20-cv-01655-KJD-DJA, 2:20-cv-01659-RFB-EJY. Hill also has at least one more mediation scheduled with a representative of the Office of the Attorney General. *See* 2:20-cv-01745-KJD-BNW. Given the court's limited resources and that these parties have already engaged in numerous mediation sessions, I will not refer this case to the inmate mediation program.

However, I will stay this case for 60 days so the parties can engage in settlement discussions before the $350.00 filing fee is paid, an answer is filed, or the discovery process begins. During these 60 days, the parties are free to discuss settling this case privately or during a currently scheduled mediation session, but they are not required to do so. If the parties have not reached a settlement within 60 days, I will assess the filing fee and put this case on a standard litigation track.

**IV.   CONCLUSION**

I therefore order that a decision on the application to proceed *in forma pauperis* (ECF No. 1) is deferred.

I further order the Clerk of the Court to file Hill's complaint (ECF No. 1-1) and send him a courtesy copy of the complaint.

I further ordered that Morenago is included in this case as a defendant. The Clerk of the Court will add Morenago as a defendant in this action.

I further order that Hill's Eighth Amendment claim will proceed against Johnson, Meyers, and Morenago.

I further order that Hill's Fourteenth Amendment claim is dismissed without prejudice.

I further order that this case is stayed for 60 days to allow the parties to discuss settlement privately or during a currently scheduled mediation session.

I further order that if this case is not settled in 60 days, I will assess the filing fee and place this case on a standard litigation track.

Dated: January 1, 2022

_____
U.S. District Judge